# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

EEOC. CINCINNATI AREA OFFICE

**JUL 25 2011**

**RECEIVED**

**1. Personal Information**

Last Name: Waltherr-Willard        First Name: Maria        MI: C

Street or Mailing Address: 27 Damon Rd.        Apt or Unit #:

City: Cincinnati        County: Hamilton        State: OH        Zip: 45218

Phone Numbers: Home: ( 513 ) 851-2720        Work: (____) ____

Cell: ( 513 ) 646-0387        Email Address: ____

Date of Birth: ████-51        Sex: ☐ Male ☒ Female        Do You Have a Disability? ☒ Yes ☐ No

**Please answer each of the next three questions.**    i. Are you Hispanic or Latino? ☒ Yes ☐ No

ii. What is your Race?   Please choose all that apply.  ☐ American Indian or Alaskan Native    ☐ Asian    ☐ White

☐ Black or African American   ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? Cuba

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: Bradford C. Weber, Esq.        Relationship: Attorney

Address: 300 Pike St. Ste. 500        City: Cincinnati        State: OH   Zip Code: 45202

Home Phone: (513 ) 721-5672        Other Phone: (____) ____

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☒ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify) ____

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: Mariemont City Schools

Address: 6743 Chestnut St.        County: Hamilton

City: Cincinnati        State: OH   Zip: 45227        Phone: ( 513 ) 272-7500

Type of Business: Education        Job Location if different from Org. Address: ____

Human Resources Director or Owner Name: ____        Phone: (____) ____

**Number of Employees in the Organization at All Locations:** Please Check (✓) One

☐ Fewer Than 15    ☐ 15 – 100    ☐ 101 – 200    ☒ 201 – 500    ☐ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) **Are you a federal employee?** ☐ Yes ☒ No

Date Hired: Fall 1976        Job Title At Hire: Teacher

Pay Rate When Hired: ____        Last or Current Pay Rate: ____

Job Title at Time of Alleged Discrimination: Teacher        Date Quit/Discharged: March 31, 2011

Name and Title of Immediate Supervisor: ____

If Job Applicant, Date You Applied for Job ____        Job Title Applied For ____

**EXHIBIT A**

4. **What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race  ☐ Sex  ☒ Age  ☒ Disability  ☐ National Origin  ☐ Religion  ☐ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify:_____

If you checked genetic information, how did the employer obtain the genetic information?_____

_____

Other reason (basis) for discrimination (Explain): _____ See attached _____

5. **What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. **Please attach additional pages if needed.**
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A.  Date: _____  Action: _____ See attached _____

_____

Name and Title of Person(s) Responsible: _____ See attached _____

B.  Date: _____  Action: _____

_____

Name and Title of Person(s) Responsible _____

6.  **Why do you believe these actions were discriminatory? Please attach additional pages if needed.**
                    See attached
_____

_____

7. **What reason(s) were given to you for the acts you consider discriminatory?  By whom?  His or Her Job Title?**
                    See attached
_____

_____

8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. | | | |
| B. | | | |

2

Of the persons in the same or similar situation as you, who was treated *worse* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. _____

_____

B. _____

_____

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. _____

_____

B. _____

_____

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
☑ Yes, I have a disability
☐ I do not have a disability now but I did have one
☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).
cardiovascular conditions and nerves    See attached.

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
☒ Yes ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?
medication

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
☒ Yes ☐ No

If "Yes," when did you ask? January 2011  How did you ask (verbally or in writing)? writing /verbal

Who did you ask? (Provide full name and job title of person)
Mr. Imhoff, Superintendant

Describe the changes or assistance that you asked for: See attached.  Transfer back to High School.

How did your employer respond to your request? denied See attached

3

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|-----------|-----------|------------------------|-----------------------------------------------|
| A. | | | |
| B. | | | |

14. Have you filed a charge previously on this matter with the EEOC or another agency?  ☐ Yes  ☒ No

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: ___n/a___

16. Have you sought help about this situation from a union, an attorney, or any other source?  ☒ Yes  ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

My counsel is Bradford C. Weber, Benjamin, Yocum & Heather, LLC, 300 Pike St. Ste.500, Cincinnati, OH 45202 (513) 721-5672 fax (513)562-4388 bcweber@byhlaw.com

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1  ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2  ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____        _____
Signature                                July 22nd, 2011  Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)

3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters. 5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

# BYH | BENJAMIN, YOCUM & HEATHER, LLC

| ATTORNEYS AT LAW | AMERICAN BOOK BUILDING  •  300 PIKE STREET  •  SUITE 500  •  CINCINNATI, OHIO  45202 |
| --- | --- |
| | (513) 721-5672  •  FAX: (513) 562-4388  •  WEB SITE: byhlaw.com  •  E-MAIL: info@byhlaw.com |

THOMAS R. YOCUM *
TIMOTHY P. HEATHER
ANTHONY J. IACIOFANO ◊
LISA M. BITTER
BRADFORD C. WEBER †
CHARLES F. HOLLIS, III †@

JULIE A. NEUROTH, OF COUNSEL #
PATRICK M. O'NEILL, OF COUNSEL
JOSÉ PEDRO SANTOS, SR. PARALEGAL §

\* ALSO ADMITTED IN KENTUCKY AND FLORIDA
† ALSO ADMITTED IN KENTUCKY AND INDIANA
◊ ALSO ADMITTED IN KENTUCKY
@ LL.M. INTERNATIONAL LAW
# ADMITTED IN KENTUCKY ONLY
§ AMERICAN ALLIANCE CERTIFIED PARALEGAL
& OSBA CERTIFIED PARALEGAL

JOHN A. BENJAMIN (1914-2009)

July 22, 2011

U.S. Equal Employment Opportunity Commission
John W. Peck Federal Office Building
550 Main St,. Ste 10-019
Cincinnati, OH 45202

RE:    Charge of Employment Discrimination
       Complainant:  Maria C. Waltherr-Willard
       Former Employer:  Mariemont City Schools, 6743 Chestnut Street, Cincinnati, OH
       45227  (513) 272-7500 (>120 employees)

To Whom it may concern:

The undersigned represents Maria C. Waltherr-Willard, (DOB ████51) who resides at 27 Damon Road, Cincinnati, Ohio 45218, (513) 851-2720. My client was a long-time educator in the Mariemont City Schools system where she served as a language instructor for 35 continuous school years, beginning in the fall of 1976. She taught students at the High School level for the first 34 years of her career. Her last year of teaching was at the Junior High level. At all times throughout my client's professional teaching career, she clearly distinguished herself as a decorated and outstanding educator who devoted herself entirely to educating the students of the Mariemont City Schools system in the French and Spanish languages. She earned a Master of Arts degree in Spanish and French and in addition to that degree, she has completed 90 hours of additional education in languages over and above her Master's degree. In addition to being fluent and considered a "Native Speaker" of both Spanish and French, she has also studied Italian, German and Japanese. She is fluent in Italian. At all times during my client's entire 35 year teaching career, all of her teacher evaluation ratings were noted as "successful" or "outstanding". At no time did she ever receive an unsatisfactory rating.

Based on a review of the situation, it is clearly evident that my client experienced discrimination based upon her medical condition(s), as well as age discrimination. In addition, she was subjected to a hostile work environment.

Mariemont City Schools system made the decision to terminate the French language program in its entirety at the end of the 2009-2010 school year (my client had been teaching both Spanish and French up to that point). This was brought to my client's attention on or about February 9, 2009, when she was told that the French program was being terminated and that she would continue to teach Spanish at the High School level for one year and then would be re-assigned to teach Spanish at the Junior High level beginning in the fall of 2010. In light of my client's excellence in teaching and outstanding record, coupled with her longevity at her position in the high school, this constituted a clear demotion and, we believe, was the beginning of a deliberate, systematic and calculated effort to squeeze her out of her job altogether.

Reasons for this belief include the documented fact that since 1997, the Mariemont School System was well aware of and on notice of health related concerns with my client teaching below the High School level. Attached is correspondence from my client's prior counsel, Mr. Gerhardstein, which clearly placed the school system on notice.

My client was surprised and disappointed by the decision to terminate the French language program in its entirety, but she endeavored to make the best of the situation by continuing to focus on her students and the school. However, many of the students and parents were extremely upset with this decision and were highly outspoken in their criticism of the Administration for making this cut. It became apparent that the Administration began to blame my client for much of the vocal discourse throughout the District, and in December, 2009, my client was called into a closed-door meeting with Dr. Renner, Principal at Mariemont High School, and Mr. Imhoff, Superintendent, in which my client was severely, inappropriately and harshly criticized by these two. Their unsubstantiated anger and hostility towards my client erupted into an extremely loud and belittling "dressing down" of my client, to the point where they left her sobbing and unable to function for the remainder of that day due to her elevated state of stress, disbelief and confusion. In fact, Mr. Imhoff was in my client's face screaming, so close that his saliva was landing on her face and she could do nothing to stop the barrage. Dr. Renner and Mr. Imhoff admonished her that her job was clearly at risk if she was to reveal anything to parents who inquired directly to her about the the discontinued French program. Effectively, my client was forced to downplay the elimination of the program, essentially misleading parents who were making important educational inquiries and decisions about their children's educational futures and opportunities.

At the beginning of the 2010 school year, the students in the Middle School Spanish program were performing poorly and below expectations, as reflected by testing and student performance. From the beginning of my client's new assignment at the Junior High School, she set her focus and all of her energy on making the Junior High program the very best it could possibly be. Even in light of her demotion, she threw herself into addressing and rehabilitating a dreadful and under-performing situation of the students that had been introduced to Spanish in

the Elementary School. In August of 2010, she began a Junior High School language program and a less qualified teacher with not nearly the experience of my client was placed in charge of her former position at the High School.

My client initially tested the Junior High students, and found their performance to be substantially below where it should have been. My client implemented exciting and non-traditional methods to engage her students, and to interest and immerse them in the Spanish language and Hispanic culture. Some examples include having a chef conduct a Paella cooking demonstration and performances by Mariachi bands and flamenco guitarist. These methods were not only popular with the students and their parents, but subsequent testing showed substantial and marked improvement and performance by her students.

Unfortunately, this came with a price for my client. For 34 years, she was accustomed to dealing with students at the High School level, and had most effectively performed at that level. Junior High school students have different requirements and exhibit different behavior than that of High School students. This situation caused my client to experience significant medical problems, including high blood pressure and increasing blood pressure control problems. My client had always been able to successfully control her blood pressure while at the High School level. It only became a problem for her after this demotion.

My client was very proud of her Junior High School students, their progress and the implementation of the Junior High School language program. However, because of her recent medical problems, continuing at the Junior High school level would have been very dangerous to her health, per her physicians. (A letter from Maria's physician in this regard is dated January 26, 2011).

My client was convinced that she had effectively instituted and stabilized the Junior High School language program, so she approached the administration and informed them of her recent health issues, and requested to be transferred back to the High School program for health reasons, for the 2011-2012 school year, beginning in August, 2011 (see attached correspondence). It would have been a simple and reasonable accommodation to transfer my client back to the high school program (indeed, she had been there for 34 years) and transfer any one of three other available Spanish teachers, to teach at the Junior High School level. This request was refused by Mr. Imhoff, Superintendent, on January 28, 2011 (see attached). Frankly, we believe this was simply retaliation for what the Administration erroneously believed was my client's involvement in stirring up the upset among the parents in the Mariemont School System regarding the termination of the French program and the Administration's efforts to squeeze her out altogether.

As a result, my client had no choice but to submit her resignation effective March 31, 2011, upon the recommendation of her physician (records attached) due to her medical condition. This was primarily due to high blood pressure from workplace stress. In spite of the fact that she was and is on medication, her readings at times during the period at issue reached stroke value.

My client has suffered discrimination for medical reasons, and for what also appears to be age related reasons and retaliation for her merely telling the truth to parents and students about the elimination of the French language program. She has been damaged financially due to lack of pay and her retirement has been damaged and diminished by this. Conservatively, we estimate that she has in excess of $100,000 in total present value income loss, without even considering any probable increase in salary and effect on her retirement income base.

It is our belief that violations of the ADA and ADEA occurred, as well as discharge in violation of public policy and exposure to a hostile work environment. At present, my client has not filed the same or similar charges with a state or local fair employment practice agency.

Please do not hesitate to contact the undersigned if you have any questions or require any additional information.

Respectfully submitted,

Bradford C. Weber, Esq.

I HAVE READ THE FOREGOING CHARGE OF EMPLOYMENT DISCRIMINATION AND I AFFIRM THAT IT TRULY AND ACCURATELY REPRESENTS THE FACTS TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Maria C. Waltherr-Willard

# LAUFMAN, RAUH & GERHARDSTEIN

ATTORNEYS AT LAW

1409 ENQUIRER BUILDING
617 VINE STREET
CINCINNATI, OHIO 45202

(513) 621-9100
FAX (513) 345-5543

ROBERT F. LAUFMAN
TRUDY D. RAUH
ALPHONSE A. GERHARDSTEIN
SARAH W. POSTON

May 5, 1997

Gerry Harris, Phd.
Superintendent
Mariemont School System
6743 Chestnut
Mariemont, OH  45227

RE:  Maria Waltherr

Dear Dr. Harris:

I represent Maria Waltherr.  She suffers from a disability and has asked you for a reasonable accommodation.  Pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq (1994) and the recent enforcement guidelines issued by the EEOC, effective 3/25/97, I must renew my client's request for accommodation.

Specifically, my client has indicated that she suffers from a mental disorder that is extremely exacerbated when she must work with young children.  Her present job assignment poses no problem since she works with teenagers.  You have requested, however, that she accept an assignment for the next school year working at the elementary school in an enrichment program.  The very thought of this task is making my client decompensate.

Accommodating this request should not pose an undue burden on your organization.  First, my client is not even certified by the State of Ohio to teach students at the level you wish to assign her so it is curious that she would be selected for this position.  Second, my client has agree to take on another assignment at the high school level in order to free up other staff that may be more suitable for the assignment you are trying to fill.

I know that you have talked directly with my client about this matter.  She is not happy about having to retain counsel.  She would much rather keep this within the school system.  But she is not required to accept a modification of her job if her disability will seriously interfere with performance in the modified job.

May 5, 1997
Page Two


Please call me promptly to discuss this matter or have your attorney do so. I request that my client not attend any meetings relating to any work in this proposed new position until you and I have resolved this matter. I know that my client would be more than happy to provide additional medical documentation. I trust that the school system will cover the cost of medical opinions that you request.

I will appreciate your prompt attention to this matter.

Sincerely,

Alphonse A, Gerhardstein

# LAUFMAN, RAUH & GERHARDSTEIN

### ATTORNEYS AT LAW

1409 ENQUIRER BUILDING
617 VINE STREET
CINCINNATI, OHIO 45202

(513) 621-9100
FAX (513) 345-5543

ROBERT E. LAUFMAN
TRUDY D. RAUH
ALPHONSE A. GERHARDSTEIN
SARAH W. POSTON

August 25, 1997

William J. Ennis
121 West Ninth Street
Cincinnati, Ohio 45202

RE: Maria Waltherr

Dear Mr. Ennis:

This letter will confirm that my client is no longer expected to teach outside of the high school. That is what she was led to believe in a conversation with the school officials. If I am incorrect on this point, please contact me immediately.

Sincerely,

Alphonse A. Gerhardstein

**Primary**
HEALTH SOLUTIONS

YR FAMILY, YOUR COMMUNITY, YOUR HEALTH.

01/26/2011

Michael J. Armentrout M.D., FAAFP
210 S. Second St
Hamilton, Ohio 45011
Phone: 513 892 1888
Fax: 513 892 2054

RE: Maria Waltherr-Willard

To Whom It May Concern
AS Mrs. Maria Waltherr-Willard's physician for many years I am recommending medical retirement. The principle reason is the effect of inability to control her blood pressure from work place stress. She is on multiple blood pressure medications and in spite of that her readings at times reach stroke value.

Since her recent absence from work, her blood pressures have returned to normal which indicates that stress from her employment is the exacerbating factor.

All of the blood pressure history is succinctly documented in her medical record. If I can be of any further assistance please advise

Sincerely,
Michael J. Armentrout, M.D., FAAFP
Lic. # 35-04-3192

Sincerely,

Michael Armentrout MD

TO: Paul Imhoff, Superintendant Mariemiont School System
CC: Keith Koehne, Principal Mariemont Junior High School
Date: 1/26/2011

Subject: Request for Transfer to Mariemont Senior High School as Spanish
Teacher in the 2011-2012 School Year


Dear Mr. Imhoff

I am making a formal request for transfer back to the Senior High School for
the 2011-2012 school year.

I was transferred to the Junior High School this year to initiate the seventh
and eighth grade Spanish program. I have done this and I think rather well
under the circumstances.

When I started this school year at the Junior High, the eighth grade class had
no prior exposure to Spanish and the Seventh grade class exposure to
Spanish was so adverse that I effectively had to perform triage in order to
salvage and save the program.

I heard from the parents of the seventh grade program that the prior teacher
they had had in the fifth and sixth grade was totally ineffective with little
control in the class room. One parent even described it as a "Turkish
Bazaar". These descriptions were confirmed by the initial test that I gave the
students to determine what they had retained. The average grade was just
over 11 correct answers out of 70 questions.

In spite of the above, with the full support of Mr. Koehne, I was able to get
the program off the ground and have provided the students with a
wholesome and positive experience in the study of the Spanish language. I
have brought in musicians and chefs to provide cultural and entertaining
experiences for the students at my own personal cost.

The seventh grade students, after the initial encounter, have settled down
well and I have even recommended that Spanish One be taught in the
seventh grade next year as an option.  The seventh grade students were given
the same material as the eighth grade students in the quarters that I have had

them and most of them have shown the ability to handle Spanish I in the seventh grade.

I feel I have done what I was sent to the Junior High to do, and I have left a good foot print for any future teacher to follow next year.

I previously taught at the Senior High School for over 34 years, two separate languages and I feel that now that the 7th and 8th grade Spanish courses are firmly established on solid ground, I would be underutilized at the Junior High level next year.

I have a Master Degree in foreign language and 90 hours above my masters. I declined to get my Ph..D. because at the time I was advised by my professor that if I got I doctorate in language I might have difficulty getting a position teaching at High School level, because I might be considered over qualified. That was 38 years ago and that would not be the case today. However, when all is said and done, I would be under utilized, if I were to remain teaching at the 7th and 8th grade level.

When one considers the fact that I am making over $80,000.00 a year, it would appear that my continued presence at the Junior High level (with the Junior High program solidly in place) would be a waste of a valuable resource that could be better utilized effectively if I taught at the High School level next year.

On a more personal level, continued permanent placement at the Junior High teaching 7th and 8th grade Spanish will have further detrimental impact on my health.

This request should not in any way reflect badly on Mr. Koehne. Mr. Koehne has given me his full support and I do not think the program would be as successful as it is without his support and assistance.

In light of all the above, I respectfully request that I be transferred back to the Senior High School as a Spanish Teacher in the next school year (2011-2012)

Respectfully

Maria C. Waltherr-Willard, M.A, (Lang.)

Fw: Request for Transfer                                                                                          Wed, March 23, 2011 8 08:59 AM

From: maria waltherr <waltherr_m@yahoo.com>          View Contact

To: thad willard <twillard1@cinci.rr.com>
Cc: Maria Waltherr <waltherr_m@yahoo.com>


----- Forwarded Message -----
From: maria waltherr <waltherr_m@yahoo.com>
To: thad willard <twillard1@cinci.rr.com>
Sent: Tue, March 22, 2011 7:28:58 AM
Subject: Fw: Request for Transfer


----- Forwarded Message -----
From: Maria Waltherr <mwaltherr@mariemontschools.org>
To: "waltherr_m@yahoo.com" <waltherr_m@yahoo.com>
Sent: Fri, January 28, 2011 11:00:22 AM
Subject: FW: Request for Transfer


From: Paul Imhoff
Sent: Friday, January 28, 2011 10:42 AM
To: Maria Waltherr; Keith Koehne
Subject: Request for Transfer

Maria,

I received your request for a transfer to Mariemont High School.

I am very pleased that your year at Mariemont Junior High School has gone so well, and I agree with your kind words regarding the leadership and support of Keith Koehne.

There are currently no openings at Mariemont High School for next year, but I will keep your request on file.

Thank you for your dedication to the students of Mariemont Junior High School.

Paul Imhoff

**Paul W. Imhoff**
**Superintendent**
**Mariemont City Schools**
**513.272.7500**

Scholars of Today; Leaders of Tomorrow

EEOC Form 161 (11/09)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Maria C. Waltherr-Willard**                         From: **Cincinnati Area Office**
     **27 Damon Road**                                              **John W. Peck Fed. Bldg**
     **Cincinnati, OH 45218**                                       **550 Main St  Room 10-019**
                                                                     **Cincinnati, OH 45202**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **473-2011-01155** | **James P. McKenzie,** Investigator | **(513) 684-2319** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** **before you file suit may not be collectible.**

On behalf of the Commission

_____              **MAR 2 9 2012**
Enclosures(s)                              **Wilma L. Javey,**                          _____
                                              **Director**                                  *(Date Mailed)*

cc:  **Paul Imhoff, Superintendant**                        **Gary Stedronsky, Attorney**
      **MARIEMONT SCHOOL SYSTEM**                        **Bradford Weber, Attorney**
      **6743 Chestnut Street**
      **Cincinnati, OH 45227**


EXHIBIT
B

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 473-2011-01155 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Maria C. Waltherr-Willard** | **(513) 851-2720** | ████1951 |
| Street Address | City, State and ZIP Code | EEOC, CINCINNATI AREA OFFICE |
| **27 Damon Road, Cincinnati, OH 45218** | | JUL 28 2011<br>RECEIVED |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **MARIEMONT CITY SCHOOLS** | **201 - 500** | **(513) 272-7500** |
| Street Address | City, State and ZIP Code | |
| **6743 Chestnut Street,  Cincinnati, OH 45227** | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |
| Street Address | City, State and ZIP Code | |
| | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest: **03-31-2011**    Latest: **03-31-2011**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.      I am 59 years old and I have a disability. During my employment I have been subject to a hostile work environment and denied reasonable accommodation. My work environment was so severe that I was forced to resign due to my disability. I was subjected to retaliation when I informed the public as to the reason for the elimination of the a program at the school.

II.     I was informed by Management that they could not provide my reasonable accommodation.

III.    I believe I was discriminated against in violation of the Age Discrimination in Employment Act and the Americans with Disabilities Act, as amended.

IV.     This charge is not dual filed with Ohio Civil Rights Commission.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X 7/28/11   _(signature)_<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law.</u>*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*